```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ELI MASON ROBERTS,                      :
                                        :   10 Civ. 1046 (DLC)
                       Plaintiff,       :
                                        :   OPINION AND ORDER
            -v-                         :
                                        :
THE NEW YORK TIMES,                     :
                                        :
                       Defendant.       :
                                        :
---------------------------------------- X
```

APPEARANCES:

For Pro Se Plaintiff:
Eli Mason Roberts
230 East 25th St., Apt. 3D
New York, NY 10010

For Defendant:
Gregory I. Rasin
Steven D. Hurd
Proskauer Rose LLP
11 Times Square
New York, NY 10036


DENISE COTE, District Judge:

Pro se plaintiff Eli Mason Roberts brings this action against defendant The New York Times ("The Times"), alleging mail fraud and that The Times withheld checks for "more than $30,000.00" to which he is entitled. The Times has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), on the basis that this Court lacks subject matter jurisdiction over the plaintiff's claims. Since there is

no diversity between the parties and neither of the plaintiff's claims raises a federal question, the defendant's motion is granted.

## BACKGROUND

The Times is a company incorporated under the laws of the State of New York with its principal place of business in New York.  Roberts, who once worked as a delivery man for The Times, is a resident of Manhattan.  After he "passed out on the number seven train while on [his] way to work" on May 2, 2006, Roberts stopped working for The Times and has been on a leave of absence since May 3, due to carpel tunnel syndrome and uncontrollable diabetes.

Plaintiff's amended complaint (the "Complaint"), even if liberally construed, alleges only that between June 2006 and "the end of 2008," The Times withheld certain checks from Roberts.  In its motion papers, The Times details a history of payments to Roberts and isolates a category of payments to which it believes the Complaint is referring.  Roberts did not oppose the defendant's motion and thus has not disputed the following facts.

While on leave, Roberts was entitled to three types of benefits: (1) workers' compensation benefits for an occupational carpal tunnel condition; (2) twenty-six weeks of short-term disability benefits ("short-term benefits") under The New York

Times Disability Plan (the "Disability Plan"); and, (3) supplemental disability benefits ("supplemental benefits") under the Disability Plan.  Disability Plan benefits are paid out of The Times' general assets, not out of a separate account, fund or trust.

Roberts was paid a total of $27,258.17 to satisfy a March 9, 2009 Workers' Compensation Board award covering the period beginning June 12, 2006 through March 14, 2008.[1]  On August 20, 2008, Roberts filed a lawsuit against The Times, among others, for failure to pay his short-term disability benefits.  Roberts v. Mitchell, No. 08 Civ. 7400 (RMB)(JCF) (S.D.N.Y.).  On January 9, 2010, the parties entered into a settlement agreement (the "Settlement Agreement") under which Roberts voluntarily released "any and all claim or causes of action he has or may have against [The Times] as of the date of [the Settlement Agreement] . . . excluding claims for accrued vested interests."  In exchange for this release, Roberts was given twenty weeks of disability pay at his regular wages (minus $2,825.32 that he had received prior to concluding the Settlement Agreement).  This payment totaled $20,719.00, less normal deductions, and satisfied the twenty-six weeks of short-term benefits available

---

[1] A claim for workers' compensation benefits for the period beginning March 14, 2008 to the present remains outstanding before the Workers' Compensation Board.

3

to Roberts under the Disability Plan from May 19, 2006 through November 8, 2006.[2]  Roberts was also given $1,000.00 for out-of-pocket medical expenses.

As a result of the Workers Compensation Board award and the Settlement Agreement, Roberts collected benefits <u>exceeding</u> his regular full pay by $296.93 each week from the period beginning June 12, 2006, when his workers' compensation benefits began, and ending October 30, 2006, when his twenty-weeks of short-term disability benefits expired.  Consequently, by letter dated May 18, 2009, The Times requested that Roberts repay it $5,939.20.

Finally, Roberts is entitled to fifteen days of supplemental benefits at his full pay rate for each year he worked for The Times.  When Roberts stopped working, he had collected 330 days of supplemental benefits.  From this total of 330 supplemental days, The Times deducted the 130 days that Roberts had been paid short-term benefits (twenty-six weeks at five days-per-week), leaving Roberts with 200 days.  On April 27, 2010, The Times sent Roberts a check for $26,279.41, the remaining days of supplemental benefits less the $5,939.20 that The Times had overpaid Roberts.

---

[2] Under the Disability Plan, an employee must be out on disability for a week before he is eligible for benefits, therefore Roberts did not begin to accrue benefits until May 10, 2006.

Roberts filed this action on February 9, 2010, alleging that The Times failed to give him certain checks with his name and address printed on them.  On May 6, The Times filed a motion to dismiss for failure to state a claim (the "May 6 Motion"). In opposition to The Times's May 6 Motion, Roberts clarified that the checks that The Times withheld from him were "supplemental pay benefit checks."  By Order dated July 20 (the "July 20" Order), the May 6 Motion was dismissed as moot and Roberts was granted leave to file an amended complaint.  The July 20 Order further instructed Roberts that his amended complaint must indicate a basis for federal court jurisdiction over his lawsuit.  On July 26, Roberts filed his Complaint and by Order dated July 30 (the "July 30 Order"), the Court found that, "[c]onstrued liberally, the Amended Complaint may state a claim under federal law pursuant to ERISA."

On November 4, the Times filed a motion for judgment on the pleadings (the "November 4 Motion").  The motion advised the plaintiff that the Court may treat the motion as a motion for summary judgment, and of his rights and duties pursuant to Rule 56, Fed. R. Civ. P.  Roberts did not oppose the November 4 Motion, which became fully submitted on December 13.

## DISCUSSION

"In deciding a Rule 12(c) motion, [courts] apply the same standard as that applicable to a motion under Rule 12(b)(6),

5

accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party."  Desiano v. Warner-Lambert & Co., 467 F.3d 85, 89 (2d Cir. 2006).  Since federal courts are "courts of limited jurisdiction," they require "a specific grant of jurisdiction."  Frontera Res. Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic, 582 F.3d 393, 397 (2d Cir. 2009) (citation omitted).  A plaintiff must demonstrate jurisdiction "by a preponderance of the evidence."  Morrison v. Nat'l Austl. Bank, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted), aff'd, 130 S. Ct. 2869 (2010).

There are two principal bases of federal court jurisdiction.  "[F]ederal question jurisdiction" exists when "the claim as stated in the complaint arises under the Constitution or laws of the United States."  S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010) (citation omitted).  "Provided that it does, the district court has subject matter jurisdiction unless the purported federal claim . . . is wholly insubstantial and frivolous."  Id. (citation omitted).  "Diversity jurisdiction exists over civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States."  Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (citation omitted).

Since both parties are residents of New York, this case may only be maintained on the basis of federal question jurisdiction.  The Complaint identifies two potential bases for federal question jurisdiction:  (1) as this Court recognized in its July 30 Order, liberally construed, the Complaint may be read as attempting to raise a claim to recover benefits pursuant to ERISA; and (2) a claim for mail fraud.

Roberts's Complaint appears to allege that The Times is withholding supplemental benefits from him.[3]  The Times has shown that the supplemental benefits that may be available to Roberts are not ERISA plan benefits.  As a result, there is no basis to find that a non-frivolous ERISA claim has been pleaded.

ERISA provides, in pertinent part, that "[a] civil action may be brought[] by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan."  29 U.S.C. § 1132(a)(1).  ERISA defines

> [t]he terms 'employee welfare benefit plan' and 'welfare plan' [to] mean any plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund or program was established or is maintained for the purpose of providing its participants or their beneficiaries . . . disability . . . benefits.

---

[3] Since the Settlement Agreement directly addressed Roberts's claim to short-term benefits and Roberts's opposition to The Times's May 6 Motion referenced "supplemental pay benefit checks," it is reasonable to assume that Roberts is attempting to recover additional "supplemental disability benefits."

29 U.S.C. § 1002(1)(a).  Pursuant to authority delegated by Congress, id. at § 1135, the Secretary of Labor promulgated regulations which further define "welfare plan" to exclude "payroll practices" including "payment of an employee's normal compensation out of the employer's general assets, on account of period of time during which the employee is . . . absent for medical reasons."  29 C.F.R. § 2510.3-1(b)(2).

Based on this regulation, in Shea v. Wells Fargo Armored Serv. Corp., 810 F.2d 372 (2d Cir. 1987), the Second Circuit held that "sick leave and vacation wages . . . fall within the 'payroll practices' provisions" when:  (1) payment is made out of "general operating assets" as opposed to a "separate account, fund or trust;" (2) the employee is paid at his "normal rate of compensation;" (3) the payments are made for "periods of time allowed as absences from employment for . . . medical reasons;" (4) the payment is "in accordance with traditional practices;" and, (5) there are no "additional conditions or contingencies of any kind."  Id. at 376.  See also Roberts v. AIG Global Inv. Corp., No. 06 Civ. 6966(GEL), 2008 WL 4444004, at *7 (S.D.N.Y. Sept. 30, 2008) (citing Shea, 810 F.2d 372).

Assuming that Roberts is seeking additional supplemental benefits under the Disability Plan, these benefits are an exempt "payroll practice" and Roberts's claim to them does not state a non-frivolous federal question that can support subject matter

8

jurisdiction.  Employees who qualify for supplemental benefits are on medical leave and they are paid their full rate of pay out of The Times's general assets.  Supplemental benefits accrue at a rate of fifteen days of leave per year and there are no additional conditions or contingencies to be met in order for an employee to claim these benefits.  Finally, there is no indication that supplemental benefits under the Disability Plan constitute an untraditional practice.

The other potential basis for federal court jurisdiction over Roberts's Complaint is a claim for mail fraud under 18 U.S.C. § 1341.  This claim also fails to support federal subject matter jurisdiction.  Section 1341 does not create a private right of action and thus Roberts's claim does not "arise" from this federal statute.  See Daneshrad v. Cohen & Slamowitz, LLP., No. 05 Civ. 2662(SJF), 2009 WL 637888, at *10 (E.D.N.Y. Mar. 9, 2009) (collecting cases).  See also Official Publ'ns, Inc. v. Kable News Co., 884 F.2d 664, 667 (2d Cir. 1989).

## CONCLUSION

The defendant's November 4, 2010 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendant and close the case.

SO ORDERED:

Dated:   New York, New York
         January 24, 2011

```
                              _____
                              DENISE COTE
                              United States District Judge
```